## GID HUNT v. STATE.

No. A-492.   Opinion Filed March 21, 1911.

**INTOXICATING LIQUORS—Conveyance Within State—Unlawful Purchase.** Under the provisions of the prohibitory statute of this state, a person who procures whisky at an unlawful sale thereof is subject to the same penalty for transporting the same from the point of sale to any other point in this state as the person who makes the sale.

(Syllabus by the Court.)

*Appeal from Pawnee County Court; H. T. Conley, Judge.*

Gid Hunt was convicted in the county court of Pawnee county for unlawfully transporting whiskey, and appeals. Affirmed.

*Wm. Blake* and *Fred S. Liscum,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for appellee.

ARMSTRONG, JUDGE. An information was filed against the appellant, defendant below, in the county court of Pawnee county on the 1st day of October, 1909, charging him with transporting intoxicating liquor, under the prohibitory statute. Motion to set aside the information was filed, and on the 14th day of October, 1909, the county attorney filed an amended information. A motion to set aside this information was filed and overruled, and defendant excepted; and a demurrer was afterwards

5 Cr—17

filed and overruled, and defendant excepted. The cause was tried to a jury and defendant convicted and sentenced to 90 days in jail and to pay a fine of $300 and costs.

All the testimony in the case was by one witness, C. I. Pumroy, sheriff of Pawnee county. He testified that he arrested the defendant about the first of October, 1909, at the Fair Grounds in the city of Pawnee; that he took from the defendant at that time a pint or half-pint of whiskey; that the defendant told him he bought the whiskey in the city of Pawnee and said to the sheriff, "It's not right to take this off me." He said they "were going off a little ways to take a drink." The county attorney asked the witness the following question: "At that time he said he got it in Pawnee and took it to the Fair Grounds?" Answer: "He did, and afterwards told me he bought it from Keystone." And the further question: "Did he state what he was going to do with the whiskey?" Answer: "He just said, 'Some of us are going down here to have a drink.'"

In the petition in error the appellant, defendant below, complains of the court in not setting aside the amended information, and in overruling the demurrer. We think the court correctly overruled the motion to set aside the information and also the demurrer; as it sufficiently charges the offense of unlawfully transporting intoxicating liquor under our statute.

The appellant complains of the court in overruling his demurrer to the evidence and in admitting certain evidence. Our practice does not contemplate a demurrer in a criminal case except upon a total failure of evidence.

The appellant, defendant below, objected and excepted to the giving of each instruction in the record. We have carefully read the record, including the testimony and instructions of the court, as well as all other orders made in this case. There is no brief filed on the part of the appellant and ordinarily the case would be affirmed without going into these matters as carefully as we have. This is a case, however, wherein the appellant was convicted for carrying whiskey from one point in the state to another

point therein, which whiskey was bought from what is commonly termed a "boot-legger," according to the admissions of the appellant to the sheriff at the time of and subsequent to his arrest. Under the provisions of the prohibitory law a person who buys whiskey from a boot-legger and transports it from the point where he purchases it to another point in the state, be that distance whatever it may, is subject to the same penalty as the person who sells the whiskey. There have not been a great many prosecutions of this kind brought to our attention by appeals. We are not, in this opinion, to be understood as passing on the question of the liability of a person in transporting a lawful purchase from one point to another.

Finding no errors in the record prejudicial to the rights of the appellant, the judgment of the court below is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.